**David B. Markowitz, OSB #742046**
DavidMarkowitz@MHGM.com
**J. Matthew Donohue, OSB #065742**
MattDonohue@MHGM.com
**Joseph L. Franco, OSB #073913**
JosephFranco@MHGM.com
MARKOWITZ, HERBOLD, GLADE
 & MEHLHAF, P.C.
Suite 3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR  97204-3730
Tel:  (503) 295-3085
Fax:  (503) 323-91055

          Attorneys for Defendant


# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| OVERSEE.NET, a California corporation and SNAPNAMES.COM, INC., an Oregon corporation, | Case No. CV 10-518 KI |
| Plaintiffs, | **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES & COUNTERCLAIMS** |
| v. | |
| HOWARD NELSON BRADY, JR., a Washington resident, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

COMES NOW defendant Howard Nelson Brady, Jr., ("Brady"), and for his answer, affirmative defenses and counterclaims alleges as follows:

1.

Admits the allegations of paragraph 1 of the complaint.

2.

Admits the allegations of paragraph 2 of the complaint.

3.

Admits the allegations of paragraph 3 of the complaint.

4.

Admits the allegations of paragraph 4 of the complaint.

5.

In response to paragraph 5 of the complaint, Brady admits that he was an employee of SnapNames, that his employment was terminated for cause, and that he is a resident of the state of Washington. Brady lacks knowledge or information sufficient to form a belief as to the truth of the allegation that he was an employee of Oversee because he does not have the information necessary to determine or confirm his employment status after Oversee's acquisition of SnapNames, and therefore denies the same. Except as so admitted, Brady denies the remainder of the allegations contained in paragraph 5 of the complaint.

6.

Admits the allegations of paragraph 6 of the complaint.

7.

Admits the allegations of paragraph 7 of the complaint.

8.

In response to paragraph 8 of the complaint, Brady admits that he used the Hank Alvarez account to cause other bidders to increase their bids in a small minority of the total auctions that SnapNames administered between March 2005 and September 2009. Brady further admits that he made inappropriate refunds to himself, that he unconditionally offered to repay Oversee or SnapNames the full amount of the refunds, with interest, prior to the filing of plaintiffs' complaint, and that plaintiffs have rejected his repayment. Except as so admitted, Brady denies the remainder of the allegations contained in paragraph 8 of the complaint.

9.

Admits the allegations of paragraph 9 of the complaint.

10.

In response to paragraph 10 of the complaint, Brady admits that he sometimes used the Hank Alvarez account to cause other bidders to increase their bids, but denies that such activities constituted his primary use of the account. Brady primarily used the Hank Alvarez account to

**Page 2 - DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

legitimately purchase domain names that Brady believed would be profitable so that he could accumulate savings for his long-term health care.  Brady's mother suffered from a genetic neuromuscular disorder and died at age 56 wheelchair bound with her legs locked in a 90 degree angle at her knees.  Brady has the same symptoms as his mother, including severe pain, weakness and stiffness in his muscles, among other things.  All these symptoms have gradually worsened as Brady ages (he is currently 54) and for many years Brady has been able to function only by taking muscle relaxants.  Brady's use of the Hank Alvarez account to purchase domain names and accumulate savings for long term health care was driven by his intense fear that at some future undetermined time he will become incapacitated like his mother.  Brady further states that he improperly used the Hank Alvarez account to increase other bidders' bids in a small minority of the total auctions that SnapNames administered between March 2005 and September 2009.  Brady further states that his improper use of the Hank Alvarez account to increase other bidders' bids was completely separate from Brady's use of that account to acquire domain names for himself, and was done solely for the benefit of SnapNames and Oversee.  Brady mistakenly and wrongly believed that increasing other bidders' bids would help a small number of SnapNames and Oversee employees other than Brady retain their jobs by creating better financial health for the companies.  Except as so admitted, Brady denies the allegations contained in paragraph 10 of the complaint.

11.

In response to paragraph 11 and 11(a), (b) and (c) of the complaint, Brady admits the allegations in paragraph 11(a) & (b).  With respect to paragraph 11(c), Brady admits that he gave the impression he was in contact with Hank Alvarez when Hank Alvarez did not exist, lied to employees of SnapNames and Oversee regarding the Hank Alvarez account, and did not inform SnapNames or Oversee management that Hank Alvarez was a fabrication.  Brady denies that he created Hank Alvarez to engage in wrongdoing.  Brady created Hank Alvarez to purchase domain names he believed would be profitable and would allow him to accumulate savings for his long term health care.  Brady lacks knowledge or information sufficient to form a belief as to the truth of the allegation that he caused at least one SnapNames employee to represent

**Page 3 - DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND
        COUNTERCLAIMS**

incorrectly to the public that Hank Alvarez was a real person because the allegation lacks

specificity as to who the SnapNames employee is, and in what context the alleged representation

occurred, and therefore denies the same. Except as so admitted, Brady denies the allegations

contained in paragraph 11 of the complaint

12.

In response to paragraph 12 and 12 (a), (b), (c) and (d) of the complaint, Brady lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein because Brady does not have access and does not possess the emails quoted in the

complaint, and therefore denies the same.

13.

Denies the allegations of paragraph 13 of the complaint.

14.

In response to paragraph 14 of the complaint, Brady admits that Oversee acquired

SnapNames, and that for some period of time Brady was entitled to an "earn-out" based upon the

financial performance of SnapNames. Except as so admitted, Brady denies the remaining

allegations contained therein.

15.

In response to paragraph 15 of the complaint, Brady admits that as of June 14, 2007, he

had not informed Oversee that he had used the Hank Alvarez account to cause other bidders to

increase their bids, or that the increased bids inflated SnapNames' profits. Brady denies that he

knew that the transaction documents required such disclosure. Except as so admitted, Brady

denies the remaining allegations contained therein.

16.

In response to paragraph 16 of the complaint, Brady denies that he personally benefitted

from causing other bidders to increase their bids. Rather, Brady admits that his use of the Hank

Alvarez account to cause other bidders to increase their bids increased the revenue and profits of

SnapNames and Oversee by an amount that has not been determined by Brady. Except as so

admitted, Brady denies the remaining allegations contained therein.

**Page 4 - DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND
      COUNTERCLAIMS**

17.

Denies the allegations of paragraph 17 of the complaint.

18.

In response to paragraph 18 of the complaint, Brady admits that he purchased domain names at SnapNames' auctions using the Hank Alvarez account, and that in some instances he refunded to the Hank Alvarez account some portion of the winning bid purchase price. Brady denies that he purchased names regardless of the purchase price. Except as so admitted, Brady denies the remainder of the allegations contained in paragraph 18 of the complaint.

19.

In response to paragraph 19 of the complaint, Brady admits that he inappropriately issued refunds to the Hank Alvarez account totaling approximately $175,000, that Brady unconditionally offered to repay that amount, with interest, prior to the filing of the complaint, and that plaintiffs refuse to accept such repayment. Additionally, Brady denies that the company requested a change in his employment status in August 2008. Rather, in 2008 Brady requested a reduction in his responsibilities, including a corresponding reduction in his salary. Except as so admitted, Brady denies the remainder of the allegations contained in paragraph 19.

20.

In response to paragraph 20 of the complaint, Brady admits that Oversee hired outside counsel to investigate the Hank Alvarez account. Except as so admitted, Brady lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

21.

In response to paragraph 21 of the complaint, Brady admits that on or about October 12, 2009, outside counsel interviewed him at the SnapNames offices in Portland, Oregon, and that he initially was not truthful and claimed that Hank Alvarez was a real person and a long standing customer of his. Brady denies that he continued to lie about the Hank Alvarez account after his initial interview. Brady admits that he told outside counsel that no one else at SnapNames or Oversee was involved in or aware of his activity related to Hank Alvarez, that he was placed on

administrative leave, and that he cooperated with the investigation, among other things, allowing Oversee to confiscate his work and home computers. Except as so admitted, Brady denies the remainder of the allegations contained in paragraph 21.

22.

In response to paragraph 22 of the complaint, Brady lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

23.

In response to paragraph 23 of the complaint, Brady admits that on or about November 4, 2009, Oversee and SnapNames made disclosures regarding Brady's conduct to its customers and offered rebates to customers that participated in auctions where halvarez was the winning bidder. Except as so admitted, Brady denies the remainder of the allegations contained in paragraph 23.

24.

In response to paragraph 24 of the complaint, Brady admits that his improper refunds to the Hank Alvarez account caused damages of approximately $175,000 plus interest, and Brady has unconditionally tendered the return of those funds. Brady denies the remaining allegations of paragraph 24 of the complaint.

25.

In response to paragraph 25 of the complaint, Brady admits that Oversee has paid rebates, in the form of cash or credits, to customers who participated in auctions where halvarez was the winning bidder. Except as so admitted, Brady denies the remainder of the allegations contained in paragraph 25.

26.

In response to paragraph 26 of the complaint, Brady admits that he made inappropriate refunds to himself, that he unconditionally offered to repay Oversee or SnapNames the full amount of the refunds, with interest, prior to the filing of plaintiffs' complaint, and that plaintiffs have rejected his repayment. Except as so admitted, Brady denies the remainder of the allegations contained in paragraph 26 of the complaint.

**Page 6 - DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

27.

In response to paragraph 27 of the complaint, Brady lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

28.

In response to paragraph 28 of the complaint, Brady admits that Oversee has been named as a defendant in two lawsuits. Except as so admitted, Brady lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

29.

Denies the allegations of paragraph 29 of the complaint.

30.

Denies the allegations of paragraph 30 of the complaint.

31.

Denies the allegations of paragraph 31 of the complaint.

## FIRST CLAIM FOR RELIEF

### COUNT I

### (Breach of Fiduciary Duty Owed to SnapNames – Shill Bidding Scheme)

### (SnapNames)

32.

In response to paragraph 32 of the complaint, Brady reasserts his answers to each of the allegations set forth in paragraphs 1 through 31 of the complaint.

33.

In response to paragraph 33, Brady admits that he owed fiduciary duties of honesty, loyalty and good faith to SnapNames. Except as so admitted, Brady denies the remainder of the allegations of paragraph 33.

34.

Denies the allegations of paragraph 34 of the complaint.

35.

Denies the allegations of paragraph 35 of the complaint.

## COUNT II

## (SnapNames)

## (Breach of Fiduciary Duty Owed to SnapNames – Embezzlement Scheme)

36.

In response to paragraph 36 of the complaint, Brady reasserts his answers to each of the allegations set forth in paragraphs 1 through 31 of the complaint.

37.

In response to paragraph 37, Brady admits that he owed fiduciary duties of honesty, loyalty and good faith to SnapNames.  Brady further admits that he made inappropriate refunds to himself, that he unconditionally offered to repay Oversee or SnapNames the full amount of the refunds, with interest, prior to the filing of plaintiffs' complaint, and that plaintiffs have rejected his repayment.  Except as so admitted, Brady denies the remainder of the allegations contained in paragraph 37 of the complaint.

38.

In response to paragraph 38, Brady admits that his inappropriate refunds caused SnapNames and Oversee total damages of approximately $175,000, which sum Brady unconditionally offered to repay, with interest, prior to the filing of the complaint, and which plaintiffs have refused to accept.  Except as so admitted, Brady denies the remainder of the allegations contained in paragraph 38 of the complaint.

39.

Denies the allegations of paragraph 39 of the complaint.

// // //

// // //

## SECOND CLAIM FOR RELIEF

### COUNT I

**(Breach of Fiduciary Duty Owed to Oversee – Shill Bidding Scheme)**

**(Oversee)**

40.

In response to paragraph 40 of the complaint, Brady reasserts his answers to each of the allegations set forth in paragraphs 1 through 31 of the complaint.

41.

In response to paragraph 41, Brady lacks knowledge or information sufficient to form a belief as to the truth of the allegations that he was a Vice President of Oversee because he does not have access to information to confirm that status, and therefore denies the same. Brady denies the remainder of the allegations contained in paragraph 41 of the complaint.

42.

Denies the allegations of paragraph 42 of the complaint.

43.

Denies the allegations of paragraph 43 of the complaint.

### COUNT II

**(Breach of Fiduciary Duty Owed to Oversee – Embezzlement Scheme)**

**(Oversee)**

44.

In response to paragraph 44 of the complaint, Brady reasserts his answers to each of the allegations set forth in paragraphs 1 through 31 of the complaint.

45.

In response to paragraph 45, Brady lacks knowledge or information sufficient to form a belief as to the truth of the allegations that he was a Vice President of Oversee because he does not have access to information to confirm that status, and therefore denies the same. Brady admits that he made inappropriate refunds to himself, that he unconditionally offered to repay Oversee or SnapNames the full amount of the refunds, with interest, prior to the filing of

**Page 9 - DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND
        COUNTERCLAIMS**

plaintiffs' complaint, and that plaintiffs have rejected his repayment. Except as so admitted, Brady denies the remainder of the allegations contained in paragraph 45 of the complaint.

46.

In response to paragraph 46, Brady admits that his inappropriate refunds caused SnapNames and Oversee total damages of approximately $175,000, which sum Brady unconditionally offered to repay, with interest, prior to the filing of the complaint, and which plaintiffs have refused to accept. Except as so admitted, Brady denies the remainder of the allegations contained in paragraph 46 of the complaint.

47.

Denies the allegations of paragraph 47 of the complaint.

### THIRD CLAIM FOR RELIEF

**(Conversion)**

48.

In response to paragraph 48 of the complaint, Brady reasserts his answers to each of the allegations set forth in paragraphs 1 through 31 of the complaint.

49.

In response to paragraph 49 of the complaint, Brady admits that he made inappropriate refunds to himself, that he unconditionally offered to repay Oversee or SnapNames the full amount of the refunds, with interest, prior to the filing of plaintiffs' complaint, and that plaintiffs have rejected his repayment. Except as so admitted, Brady denies the remainder of the allegations contained in paragraph 49.

50.

In response to paragraph 50, Brady admits that his inappropriate refunds caused SnapNames and Oversee total damages of approximately $175,000, which sum Brady unconditionally offered to repay, with interest, prior to the filing of the complaint, and which plaintiffs have refused to accept. Except as so admitted, Brady denies the remainder of the allegations contained in paragraph 50 of the complaint.

51.

Denies the allegations of paragraph 51 of the complaint.

## FOURTH CLAIM FOR RELIEF

### (Unjust Enrichment)

### (SnapNames)

52.

In response to paragraph 52 of the complaint, Brady reasserts his answers to each of the allegations set forth in paragraphs 1 through 31 of the complaint.

53.

In response to paragraph 53 of the complaint, Brady admits that he made inappropriate refunds to himself, that he unconditionally offered to repay Oversee or SnapNames the full amount of the refunds, with interest, prior to the filing of plaintiffs' complaint, and that plaintiffs have rejected his repayment. Except as so admitted, Brady denies the remainder of the allegations contained in paragraph 53.

54.

In response to paragraph 54 of the complaint, Brady admits that his inappropriate refunds caused SnapNames and Oversee total damages of approximately $175,000, which sum Brady unconditionally offered to repay, with interest, prior to the filing of the complaint, and which plaintiffs have refused to accept. Except as so admitted, Brady denies the remainder of the allegations contained in paragraph 54 of the complaint.

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment)

### (Oversee)

55.

In response to paragraph 55 of the complaint, Brady reasserts his answers to each of the allegations set forth in paragraphs 1 through 31 of the complaint.

56.

Denies the allegations of paragraph 56 of the complaint.

**Page 11 - DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

## SIXTH CLAIM FOR RELIEF

### (Unjust Enrichment)

### (SnapNames and Oversee)

57.

In response to paragraph 57 of the complaint, Brady reasserts his answers to each of the allegations set forth in paragraphs 1 through 31 of the complaint.

58.

In response to paragraph 58 of the complaint, Brady admits that he purchased domain names using the Hank Alvarez account, and that with respect to a minority of these purchases, Brady inappropriately refunded a portion of the winning bid purchase price to the Hank Alvarez account. Except as so admitted, Brady denies the remainder of the allegations contained in paragraph 58 of the complaint.

## SEVENTH CLAIM FOR RELIEF

### (Interference with Business Relationship)

59.

In response to paragraph 59 of the complaint, Brady reasserts his answers to each of the allegations set forth in paragraphs 1 through 31 of the complaint.

60.

In response to paragraph 60 of the complaint, Brady admits that on some occasions he inappropriately used the Hank Alvarez account to increase other bidders' bids. Except as so admitted, Brady denies the remainder of the allegations contained in paragraph 60 of the complaint.

61.

Denies the allegations of paragraph 61 of the complaint.

// // //

// // //

// // //

// // //

**Page 12 - DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

## EIGHTH CLAIM FOR RELIEF

**(Racketeering, Oregon Racketeering Act)**

62.

In response to paragraph 62 of the complaint, Brady reasserts his answers to each of the allegations set forth in paragraphs 1 through 31 of the complaint.

63.

Admits the allegations of paragraph 63 of the complaint.

64.

Admits the allegations of paragraph 64 of the complaint.

65.

Denies the allegations of paragraph 65 of the complaint.

66.

Denies the allegations of paragraph 66 of the complaint.

67.

Denies the allegations of paragraph 67 of the complaint.

68.

Denies the allegations of paragraph 68 of the complaint.

69.

Denies the allegations of paragraph 69 of the complaint.

70.

Denies the allegations of paragraph 70 of the complaint.

71.

Denies the allegations of paragraph 71 of the complaint.

// // //

// // //

// // //

// // //

// // //

**Page 13 - DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

## NINTH CLAIM FOR RELIEF

**(Violation of Oregon Securities Laws)**

**(ORS 59.115, ORS 59.135, ORS 59.137)**

**(Oversee)**

72.

In response to paragraph 72 of the complaint, Brady reasserts his answers to each of the allegations set forth in paragraphs 1 through 31 of the complaint.

73.

In response to paragraph 73 of the complaint, Brady admits that he owned shares of SnapNames before Oversee's acquisition of SnapNames, and that Oversee acquired SnapNames. Brady lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Brady sold his SnapNames directly to Oversee because Brady does not have access to the transaction information, and therefore denies the same. Except as so admitted, Brady denies the remainder of the allegations contained in paragraph 73 of the complaint.

74.

Denies the allegations of paragraph 74 of the complaint.

75.

Denies the allegations of paragraph 75 of the complaint.

76.

In response to paragraph 76 of the complaint, Brady lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Oversee will tender to Brady the shares it acquired from him and therefore denies the same. However, Brady will accept Oversee's tender of the shares it acquired from him. Brady denies the remainder of the allegations contained in paragraph 76 of the complaint.

// // //

// // //

// // //

**Page 14 - DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

## TENTH CLAIM FOR RELIEF

### (Violation of Oregon Securities Laws, ORS 59.115, ORS 59.135, ORS 59.137)

### (Oversee)

77.

In response to paragraph 77 of the complaint, Brady reasserts his answers to each of the allegations set forth in paragraphs 1 through 31 and 73 through 75 of the complaint.

78.

In response to paragraph 78 of the complaint, Brady admits that on or around June 14, 2007, Oversee acquired all of the shares of SnapNames.  Except as so admitted, Brady denies the remainder of the allegations contained in paragraph 78 of the complaint.

79.

Denies the allegations of paragraph 79 of the complaint.


Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

80.

Plaintiffs' complaint fails to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Waiver)

81.

During the course of plaintiffs' investigation into the activities alleged in the complaint, and while plaintiffs were fully aware of their rights asserted in their complaint herein, plaintiffs' authorized representatives unequivocally stated to Brady that plaintiffs were not suing him.  Such statements resulted in a waiver of plaintiffs' right to sue Brady for the conduct alleged in the complaint.

// // //

// // //

**Page 15 - DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND
     COUNTERCLAIMS**

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

82.

During the course of plaintiffs' investigation into the activities alleged in the complaint, plaintiffs:  knew they could sue Brady and that they intended to do so; nevertheless falsely represented that they would not sue Brady; and did so in order to induce his full cooperation with plaintiffs' investigation.  Brady was unaware that plaintiffs' representations were false, and relied on such representations in deciding to fully cooperate with plaintiffs' investigation. Plaintiffs are prevented from pursuing their claims by virtue of the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

83.

Plaintiffs have failed to mitigate their damages.

## FIFTH AFFIRMATIVE DEFENSE

### (Real Party in Interest)

84.

Plaintiffs are not the real parties in interest to assert the claims made.

## SIXTH AFFIRMATIVE DEFENSE

### (Standing)

85.

Plaintiffs lack standing to assert the claims made.

## SEVENTH AFFIRMATIVE DEFENSE

### (Accord & Satisfaction)

86.

During the course of plaintiffs' investigation into the activities alleged in the complaint, plaintiffs' authorized representative, in exchange for Brady's continued cooperation with their investigation, told Brady they were not suing him.  Brady accepted this offer and continued to

cooperate fully with plaintiffs' investigation. Accordingly, plaintiffs' claims are barred by the doctrine of accord and satisfaction.

## EIGHTH AFFIRMATIVE DEFENSE

### (Misrepresentation)

87.

During the course of plaintiffs' investigation into the activities alleged in the complaint: plaintiffs falsely represented material facts by stating that they were not suing Brady; plaintiffs knew that such representations were false; plaintiffs made such representations in order to induce Brady's full cooperation with plaintiffs' investigation; Brady was unaware of the falsity of plaintiffs' representations; Brady reasonably relied on plaintiffs' false representations; and Brady has been damaged as a result.

## NINTH AFFIRMATIVE DEFENSE

### (Offset)

88.

Brady is entitled to an offset against any damages that he may owe, in the amount of any profits that plaintiffs improperly gained on account of Brady's bidding activities, and that plaintiffs have not refunded, but instead have retained.

## TENTH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Punitive Damages)

89.

Plaintiffs' claims for punitive damages are barred by the due process clause of the Fourteenth Amendment to the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands/In Pari Delicto)

90.

Plaintiffs' claims are barred by the doctrine of unclean hands or in pari delicto.

// // //

// // //

**Page 17 - DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim – Materially Aiding Securities Law Violations)

91.

Plaintiffs cannot establish Brady's liability for materially aiding a violation of ORS 59.115 or 59.135 without first establishing SnapNames' liability for violation of the same.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Tender of Shares)

92.

Plaintiffs' claims for violation of ORS 59.115 or 59.135 are barred because Brady accepts pursuant to ORS 59.115(2)(a) the tender of shares Oversee acquired from him.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Judicial Estoppel)

93.

Plaintiffs' claims are barred by the doctrine of judicial estoppel.


## FIRST COUNTERCLAIM

### (Attorney Fees – Racketeering Claim)

94.

ORS 166.725(14) provides for the award of reasonable attorney fees to the prevailing party in an action brought pursuant to the provisions of that section.  Brady will be entitled to his reasonable attorney fees upon his successful defense of plaintiffs' racketeering claim.

## SECOND COUNTERCLAIM

### (Attorney Fees – Oregon Securities Law Claims)

95.

ORS 59.115(10) and ORS 59.137(4) provide for the award of reasonable attorney fees to the prevailing party in an action brought pursuant to those sections.  Brady will be entitled to his reasonable attorney fees upon his successful defense of plaintiffs' securities law claims.

WHEREFORE, having answered plaintiffs' complaint, defendant Brady prays as follows:

   A.  That plaintiffs' complaint be dismissed and that judgment be entered in Brady's

        favor thereon;

   B.  For Brady's reasonable attorney fees, costs and disbursements incurred herein; and

   C.  For such other and further relief as the court shall deem just and proper.

DATED this 26th day of May, 2010.

                        MARKOWITZ, HERBOLD, GLADE
                          & MEHLHAF, P.C.


                        By:   */s/  J. Matthew Donohue*
                              _____
                              David B. Markowitz, OSB #742046
                              J. Matthew Donohue, OSB #065742
                              Joseph L. Franco, OSB #073913
                              (503) 295-3085
                              Of Attorneys for Defendant

211199

## ATTORNEY CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2010, I have made service of the foregoing **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** on the party/ies listed below in the manner indicated:

Milo Petranovich
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, OR  97204-3158

☐ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email
☒ Electronically via USDC CM/ECF system

DATED this 26th day of May, 2010.

/s/  J. Matthew Donohue
_____
J. Matthew Donohue, OSB #06574
Attorney for Defendant

**CERTIFICATE OF SERVICE**