
**Milo Petranovich**, OSB No. 813376
petranovichm@lanepowell.com
**Robert R. Calo**, OSB No. 071037
calor@lanepowell.com
**Julie M. Engbloom**, OSB No. 066988
engbloomj@lanepowell.com
**LANE POWELL** PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Plaintiffs Oversee.net and SnapNames.com, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **OVERSEE.NET,** a California corporation, and **SNAPNAMES.COM, INC.,** an Oregon corporation<br><br>Plaintiffs,<br><br>v.<br><br>**HOWARD NELSON BRADY, JR.,** a Washington resident,<br><br>Defendant. | No. 10-CV-518-KI<br><br>**STIPULATED PROTECTIVE ORDER** |

PAGE 1 -   STIPULATED PROTECTIVE ORDER

709244.0001/861387.1

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

**IT IS HEREBY STIPULATED AND AGREED** by counsel for Plaintiffs Oversee.net and SnapNames.com, Inc., and Defendant Howard Nelson Brady, Jr., pursuant to Rules 26(c) and 29 of the Federal Rules of Civil Procedure, as follows:

1. (a) This Stipulated Protective Order shall govern the handling of all documents, things, testimony or other information, including all copies, excerpts and summaries thereof that are subject to discovery in this action. Such discovery includes, without limitation, testimony adduced at depositions upon oral examination pursuant to Fed. R. Civ. P. 30, written responses to interrogatories pursuant to Fed. R. Civ. P. 33, documents produced pursuant to Fed. R. Civ. P. 34, answers to requests for admission pursuant to Fed. R. Civ. P. 36, and testimony, documents and things provided pursuant to Fed. R. Civ. P. 45.

(b) The provisions of this Stipulated Protective Order shall apply to: (1) the parties in this action; and (2) any third party producing or disclosing material(s) in this action who agrees to be, or is ordered by the Court to be, bound by the terms of this Stipulated Protective Order.

2. Following entry of this Stipulated Protective Order, materials produced in discovery in this litigation shall be used only for the purposes of this litigation (including appeals) and for no other purpose (unless authorized by the Court) and shall not be disclosed, given, shown, made available, or communicated, directly or indirectly, in any way to anyone except those authorized persons set forth below in paragraph 3. The provisions of this paragraph apply to documents produced by a party to another party prior to the initiation of this litigation.

3. (a) Any party or third party who elects or is ordered to provide discovery under the terms and conditions of this Stipulated Protective Order ("Providing Party") may designate as "CONFIDENTIAL" any material which it produces in the course of this litigation (including appeals) which is owned or controlled by the Providing Party when the Providing Party in good faith believes that the material contains non-public information that should remain non-public, which information includes, pursuant to Fed. R. Civ. P. 26(c)(1)(G), trade secrets or

PAGE 2 -   STIPULATED PROTECTIVE ORDER

other confidential research, development, or commercial information, including proprietary business or financial information, sensitive personal information such as medical records, social security numbers, account numbers and passwords, and other information not generally a matter of public record (collectively referred to as "CONFIDENTIAL MATERIALS"). CONFIDENTIAL MATERIALS shall include all information, documents, and things relating in any way to the substance of the foregoing, including but not limited to copies, summaries, or abstracts thereof.

(b)     Where appropriate, a Providing Party may add the designation "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY," or an equivalent designation, only when the Providing Party believes in good faith that the CONFIDENTIAL MATERIALS are, or have the potential of being, competitively sensitive to the Providing Party or competitively useful to the Receiving Party. An equivalent designation for purposes of this Stipulated Protective Order may include, e.g., "SECRET—OUTSIDE COUNSELS' EYES ONLY."

4.     CONFIDENTIAL MATERIALS shall be subject to the following restrictions:

(a)     CONFIDENTIAL MATERIALS specifically designated as such shall be disclosed, for the purposes set forth in paragraph 2, only to:

(i)     the parties to this action and/or their employees who need access to CONFIDENTIAL MATERIALS for the purpose articulated in paragraph 3(a);

(ii)    counsel of record in this action for the parties, including their support personnel and in-house corporate counsel and support personnel;

(iii)   the author or recipient of any documents claimed to be CONFIDENTIAL MATERIALS, including any person shown to have personal knowledge of the contents of said documents;

(iv)    independent experts, consultants, investigators, or translators for a party, including their support personnel, whose advice and consultation are being or will be used by such party in connection with preparation for trial, or for trial in this action, including any motions in this action;

(v)     the Court and those employed by the Court (including court reporters, stenographic reporters, and Court personnel), in which case such

PAGE 3 -   STIPULATED PROTECTIVE ORDER

information shall be filed under seal and kept under seal until further order of the Court;

(vi) any mediator engaged by the parties to conduct a mediation in this action;

(vii) Court reporters, videographers, and employees of copy services and/or microfilming or database services who are engaged by the parties during the litigation or trial of this action, as reasonably needed to perform their duties; and

(viii) any other person as to whom the Providing Party, or said party's legal representative, agrees to in writing or on the record.

(b) CONFIDENTIAL MATERIALS specifically designated "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY," or an equivalent designation, shall be disclosed, for the purposes set forth in paragraph 2, only to:

(i) outside counsel of record in this action for the parties, including their support personnel;

(ii) independent experts, consultants, investigators, or translators for a party, including their support personnel, whose advice and consultation are being or will be used by such party in connection with preparation for trial, or for trial in this action, including any motions in this action;

(iii) any mediator engaged by the parties to conduct a mediation in this action;

(iv) Court reporters, videographers, and employees of copy services and/or microfilming or database services who are engaged by the parties during the litigation or trial of this action, as reasonably needed to perform their duties;

(v) the Court and those employed by the Court (including Court reporters, stenographic reporters and Court personnel), in which case such information shall be filed under seal and kept under seal until further order of the Court; and

(vi) the author or recipient of any materials designated CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY.

(c) Corporate in-house counsel, and its support personnel, shall be precluded from access to all CONFIDENTIAL MATERIALS specifically designated "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" or an equivalent designation. However, upon request by the Receiving Party, the Providing Party may, in its discretion, grant access to in-house

PAGE 4 - STIPULATED PROTECTIVE ORDER

counsel and its support personnel to certain requested CONFIDENTIAL MATERIALS specifically designated "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY," or an equivalent designation, or, where appropriate, to summaries, and/or excerpts thereof.

5.   (a)   Notwithstanding the provisions of paragraph 4, any party may disclose CONFIDENTIAL MATERIALS to the Providing Party's employees, former employees, consultants, or former consultants who were employed or retained by the Providing Party on the date the document was prepared or dated ("former employees"), or whose employment or retention involved matters related to the subject matter of such CONFIDENTIAL MATERIALS, or to his/her counsel, during deposition or trial.

(b)   Any party may disclose CONFIDENTIAL MATERIALS to a third party witness (excluding former employees), or his/her counsel, during deposition or trial only when it is apparent from the face of the document or from prior testimony, including the testimony of the third party witness, that said third party witness authored, assisted in the preparation of or received said document or material. A third party witness and his/her counsel (unless said counsel is an attorney of record herein) shall not be permitted to retain a copy of the CONFIDENTIAL MATERIALS.

(c)   Other than those persons expressly identified in paragraphs 4(a) and 4(b), and those given express authorization pursuant to paragraph 4(c), CONFIDENTIAL MATERIALS designated "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY," or an equivalent designation, shall not be disclosed, given, shown, made available, or communicated, directly or indirectly, in any way to any person or entity, including the parties to this action.

6.   Any person given access to CONFIDENTIAL MATERIALS pursuant to the terms hereof shall be advised that the CONFIDENTIAL MATERIALS are being disclosed pursuant to, and subject to, the terms of this Stipulated Protective Order and may not be disclosed other than pursuant to the terms hereof, and that violation of the terms of this Stipulated Protective Order may constitute contempt of a court order. Before any person

PAGE 5 -   STIPULATED PROTECTIVE ORDER

designated in paragraphs 4(a)(iv), 4(a)(vi), 4(a)(viii), 4(b)(ii), 4(b)(iii), or 4(c) is given access to CONFIDENTIAL MATERIALS, he/she shall provide a written statement of assurance to be bound by the provisions of this Stipulated Protective Order as provided in the form attached hereto as **Exhibit A**.

7. CONFIDENTIAL MATERIALS shall be designated as follows:

(a) In the case of documents, the designation shall be made by placing the legend "CONFIDENTIAL" and, if applicable, "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY," or an equivalent designation, on each page of such document(s) produced by the Providing Party. Such designation shall be made at the time a document or portion thereof is produced for inspection by counsel, and it is sufficient designation for this purpose that a container holding tangible objects, a file or an individual document bears a written label marked with the appropriate designation. A Providing Party that inadvertently fails to mark an item at the time of production shall have ten (10) days thereafter in which to correct its failure. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked. Within five (5) days of receipt of the substitute copies, the Receiving Party shall return the previously unmarked items and all copies thereof or destroy the same and certify the destruction to counsel for the Providing Party. Until expiration of the aforesaid ten (10) day period, all items produced shall be considered and treated as protected CONFIDENTIAL MATERIALS.

(b) Any Providing Party may designate as "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" information that has already been produced by that party by sending written notice, as soon as reasonably practicable following entry of this Stipulated Protective Order, to all parties to whom such documents have been disclosed of such designation, specifying the documents to be designated as confidential by Bates number or detailed description.

PAGE 6 -   STIPULATED PROTECTIVE ORDER

(c) In the case of interrogatory answers or responses to requests for admissions, the designation shall be made by placing the legend "CONFIDENTIAL" and, if applicable, also "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY," or an equivalent designation, on each page of any answer that contains confidential information.

(d) In the case of depositions upon oral examination, if counsel for any party believes that a question or answer of its client, or former or current officers, directors or employees of such client, a third party witness and/or an expert constitutes CONFIDENTIAL MATERIALS, counsel may so state on the record and may request that the specific pages which include such CONFIDENTIAL MATERIALS be included in a separate sealed portion of the transcript. When testimony designated as "CONFIDENTIAL" and, if applicable, "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY," is elicited during a deposition, persons not entitled to receive such information under the terms of this Stipulated Protective Order shall be excluded from the deposition. Counsel attending a deposition who inadvertently fails to designate any portion of the transcript as CONFIDENTIAL MATERIALS on the record during the deposition shall have thirty (30) days, following mailing of the transcript by the court reporter, in which to correct the failure. Such correction and notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portion(s) of the transcript that constitute CONFIDENTIAL MATERIALS, and directing the reporter to place the same seal as provided in this paragraph 7(d). Until expiration of the aforesaid thirty (30) day period, all deposition transcripts shall be considered and treated as protected CONFIDENTIAL MATERIALS under the classification "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY," unless otherwise agreed to on the record at the deposition.

8. All designated information shall be stored and maintained in a manner that will prevent access to that information by unauthorized persons.

PAGE 7 - STIPULATED PROTECTIVE ORDER

9. (a) The acceptance by a party of CONFIDENTIAL MATERIALS shall not constitute an admission or concession or permit an inference that the CONFIDENTIAL MATERIALS are, in fact, confidential. Any party may upon ten (10) days' advance written notice to the other parties move this Court for (i) modification of this Stipulated Protective Order, or (ii) relief from the provisions of this Stipulated Protective Order. In addition, the parties may agree in writing or on the record to necessary modifications of this Stipulated Protective Order.

(b) A party shall not be obligated to challenge the propriety of the designation of CONFIDENTIAL MATERIALS at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If a party challenges such designation, the parties shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, the party challenging the propriety of the designation CONFIDENTIAL MATERIALS shall provide written notice of such challenge to the Providing Party, and the party wishing to maintain the designation must present a motion to the Court claiming such status within ten (10) business days of service of the written notice of challenge of the claim to such status. The material in issue shall continue to be treated as designated until the Court orders otherwise.

10. Nothing in this Stipulated Protective Order shall require disclosure of material that counsel for a party or a third party contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity. This shall not preclude any party from moving the Court for an Order directing the disclosure of such material.

709244.0001/861387.1

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

11. Nothing in this Stipulated Protective Order shall be construed as a waiver of the right of any party to object to the taking, or the admissibility, of any testimony or other evidence where such objection is based on a ground or grounds other than that the testimony or evidence involves CONFIDENTIAL MATERIALS, and nothing herein shall be construed as an agreement that any CONFIDENTIAL MATERIALS shall be withheld from or excluded from evidence in any proceeding in this case.

12. This Stipulated Protective Order shall not prevent a party or third party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

13. CONFIDENTIAL MATERIALS may be used to prepare for and conduct discovery and to prepare for trial. CONFIDENTIAL MATERIALS may also be used in testimony at trial, in connection with any motion, at any hearing, and at depositions, and may be offered in evidence at trial or in connection with any motion. The restrictions on use of CONFIDENTIAL MATERIALS set forth in this Stipulated Protective Order shall survive the conclusion of this litigation and, after conclusion of this litigation, the Court shall retain jurisdiction for the purpose of enforcing this Stipulated Protective Order.

(a) If any of the documents provided pursuant to this Protective Order and marked CONFIDENTIAL need to be filed with the Court, they shall be filed under seal subject to the following conditions. The parties will confer prior to filing documents that are marked CONFIDENTIAL to determine if such documents should be filed under seal, or if redaction offers adequate protection to the party seeking to preserve the secrecy of such documents. If the party seeking to preserve the secrecy of CONFIDENTIAL documents wishes to have such documents filed under seal, then the filing party shall include the designation "AUTHORIZED TO BE FILED UNDER SEAL" below the document title and the document shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action and an indication that the materials are tendered to the Court under seal. The party

PAGE 9 - STIPULATED PROTECTIVE ORDER

seeking to preserve the secrecy of CONFIDENTIAL documents filed under seal must file a motion with the Court at or before the time of filing and make the showing required pursuant to FRCP 26, Local Rule 26-4, and *Foltz v. State Farm Mutual Automobile Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003).

Documents permitted to be filed under seal shall be kept in accordance with the Court's rules and shall remain under seal until otherwise ordered by the Court. Before seeking to maintain protection of documents filed with the Court, a party must also make a good faith determination as to whether redaction is a viable alternative to complete nondisclosure. Nothing contained in this Protective Order shall prejudice the right of any party to offer as evidence at trial CONFIDENTIAL documents, information, or material.

In addition, the above restraints shall not prevent a second copy of any pleading or paper specifically intended for review by the Court and appropriately designated from being hand delivered to the Court's chambers. Any documents so filed shall not be made a part of the public record herein and shall be returned to the respective parties promptly upon completion of the litigation.

(b) Nothing in this Stipulated Protective Order shall prohibit a party at a court proceeding in this matter, in anticipation of which CONFIDENTIAL INFORMATION was filed pursuant to paragraph 13(a), from discussing such CONFIDENTIAL INFORMATION during oral argument.

14. The inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work-product materials, the confidentiality protection of this Stipulated Protective Order, or the subject matter hereof. Upon receiving notice from the Providing Party that materials have been inadvertently produced, they shall be promptly returned to the Providing Party, including all copies. Such

PAGE 10 - STIPULATED PROTECTIVE ORDER

return shall not be deemed an admission or concession regarding any claimed privilege or protection under this Order.

15. Notwithstanding any of the foregoing provisions, this Stipulated Protective Order has no effect upon, and its scope shall not extend to, any party's use of its own CONFIDENTIAL MATERIALS.

16. Within sixty (60) days after final termination of this action, whether by judgment, settlement or otherwise, at the option of the Receiving Party, counsel for the Receiving Party shall return all copies of CONFIDENTIAL MATERIALS to counsel for the Providing Party, or shall destroy such CONFIDENTIAL MATERIALS and certify the destruction to counsel for the Providing Party except that counsel of record may retain for its files archival copies as follows: one full set of copies of pleadings, affidavits, briefs and memoranda filed in this action; copies of all communications, including attachments to electronic messages that may contain confidential material; one set of discovery as produced in the case; one set of transcripts of all depositions (with exhibits) taken and all of its own work product generated in connection with this action. Archival copies may be retained in either electronic or hard copy format. The parties shall store archival copies in a manner to prevent disclosure of CONFIDENTIAL MATERIALS.

17.  Any person to whom disclosure is made pursuant to any of the foregoing subparagraphs shall be subject to the restrictions imposed by this Stipulated Protective Order and consents to be subject to the personal jurisdiction of this Court for the limited purposes of securing compliance with the terms, or to punish the breach of any of the terms, of this Order.

DATED this  10th day of  September , 2010.

BY THE COURT:

/s/ Garr M. King

Approved on behalf of Oversee.net and SnapNames.com, Inc.

LANE POWELL PC

Date: 9/9/2010

Milo Petranovich, OSB No. 813376
    petranovichm@lanepowell.com
Robert R. Calo, OSB No. 071037
    calor@lanepowell.com
Julie M. Engbloom, OSB No. 066988
    engbloomj@lanepowell.com

601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
503.778.2100

Approved on behalf of Howard Nelson Brady, Jr.

MARKOWITZ, HERBOLD, GLADE & MEHLHAF, P.C.

Date: 9/9/2010

David B. Markowitz, OSB No. 742046
    davidmarkowitz@mhgm.com
J. Matthew Donohue, OSB No. 065742
    mattdonohue@mhgm.com
Joseph L. Franco, OSB No. 073913
    josephfranco@mhgm.com

3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR 97204-3730
503.295.3085

PAGE 12 - STIPULATED PROTECTIVE ORDER

# EXHIBIT A

I, _____, declare that: I reside at _____ in the city of _____, county of _____, state of _____, and acknowledge and declare as follows:

I have been provided with and have read a copy of the Stipulated Protective Order ("Order") dated _____ entered in connection with *Oversee.net and SnapNames.com, Inc. v. Howard Nelson Brady, Jr.*, Civil Action No. 10-cv-518-KI, and I agree, upon the threat of penalty of contempt and other civil remedies, to be bound by its terms. I further irrevocably consent to the jurisdiction of the United States District Court, District of Oregon, for the purpose of any proceeding to enforce or secure compliance with the terms of this Stipulated Protective Order, or to punish the breach of any of its terms.

Executed this \_\_\_ day of _____, 2010, at _____.

_____
Name

PAGE 13 - STIPULATED PROTECTIVE ORDER