**Milo Petranovich**, OSB No. 813376
petranovichm@lanepowell.com
**Robert R. Calo**, OSB No. 071037
calor@lanepowell.com
**Julie M. Engbloom**, OSB No. 066988
engbloomj@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone:  503.778.2100
Facsimile:  503.778.2200

Attorneys for Plaintiffs Oversee.net and SnapNames.com, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **OVERSEE.NET,** a California corporation and **SNAPNAMES.COM, INC.**, an Oregon corporation<br><br>                              Plaintiffs,<br><br>       v.<br><br>**HOWARD NELSON BRADY, JR.,** a Washington resident**,**<br><br>                              Defendant. | No. CV 10-518-KI<br><br>Plaintiffs Oversee.net and Snapnames.com, Inc.'s<br>**MOTION TO QUASH SUBPOENA ON NON-PARTY BANK OF AMERICA, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**<br><br>**(ORAL ARGUMENT REQUESTED)** |

Plaintiffs Oversee.net and SnapNames.com (collectively "Plaintiffs"), by and through their attorneys, hereby move this Court for a Motion to Quash a Subpoena ("Subpoena") served by Defendant Howard Brady ("Defendant") on non-party Bank of America, ("BOA") and, in the Alternative, For a Protective Order ("Motion").  Counsel for Plaintiffs and Defendant conferred via telephone on October 7, 2010, as required by LR 7-1(a), in attempt to resolve the dispute over the Subpoena, but were unable to reach an agreement.  (*See* Declaration of Julie M.

PAGE 1 -   PLAINTIFFS' MOTION TO QUASH SUBPOENA ON NON-PARTY BANK OF
                   AMERICA, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

709244.0001/878933.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

Engbloom ("Engbloom Decl.") ¶ 3.) Defendant's subpoena should be quashed because the subpoena seeks production of confidential and highly proprietary information, and therefore must be quashed pursuant to Rule 45(c)(3)(A)(iii).

## BACKGROUND

Defendant, while an employee of Oversee.net and SnapNames.com, engaged in two types of fraud against Plaintiffs: (1) shill bidding, which wrongfully inflated the costs Plaintiffs' customers paid for Plaintiffs' products and services, and (2) simple embezzlement. (*See* Engbloom Decl., Ex. 2, [Complaint at ¶ 8].) Defendant has admitted to engaging in these actions in his Answer to Plaintiffs' Complaint. (Engbloom Decl. at ¶ 5 and Ex. 3.)

Plaintiffs have specified the following types of damages in their Complaint:

- Payment of rebates or recompense to Plaintiffs' customers, which were victims of Defendant's shill bidding, fraud, plus interest;
- The proceeds of Defendant's embezzlement, plus interest;
- Investigative costs;
- Costs of other litigation arising out Defendant's actions (Oversee.net has been sued three times as a result of Defendant's schemes, including in a class action);
- Oversee overpaid for the acquisition of SnapNames because of false and inflated revenue and profits reported as a result of Defendant's fraudulent shill bidding;
- Disgorgement of Defendant's compensation, bonuses and benefits, an allowable remedy for an employee's breach of fiduciary duty; and
- Internal costs—time and expense of Plaintiff's employees in investigating and remedying Defendant's fraud.

(Engbloom Decl., Ex. 2, [Compl. at ¶¶ 25-31].)[1]

---

[1] Plaintiffs also reference the potential loss of profits in their complaint (Engbloom Decl, Ex. 2 [Compl. at ¶¶ 34, 42, and 60]), but counsel for Plaintiffs have advised counsel for Defendant that to the extent those references suggest damages other than those in the enumerated list, Plaintiffs will amend the Complaint to eliminate any confusion. (Engbloom Decl. at ¶ 6.)
(continued . . .)

PAGE 2 -   PLAINTIFFS' MOTION TO QUASH SUBPOENA ON NON-PARTY BANK OF AMERICA, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

709244.0001/878933.1

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## **ARGUMENT**

Rule 45(c)(3)(A)(iii) specifically provides that a Court must quash a subpoena that requires the disclosure of privileged or other protected materials when no exception to the privilege or waiver applies. In this instance, Defendant's BOA Subpoena is an attempt to make evidence when none exists, as it seeks private, confidential, financial information that is not at issue in this case, has no demonstrable relevance to any issue in this case, and that Defendant has no right to have.

Specifically, the BOA Subpoena seeks:

all documents relating to any loans, lines of credit, letters of credit or other credit instruments between BOA and either or both plaintiffs from 2005 to the present, including, but not limited to a $60 million line of credit issued to Oversee.net in or around 2007. Documents should include, but be limited to all:

- applications for credit;
- financial statements and/or data provided by either or both Plaintiffs;
- business plans provided by either or both Plaintiffs;
- business appraisals;
- evidence of collateral;
- loan agreements and/or account agreements including the terms and conditions for repayment;
- periodic statements or reports sent or prepared by BOA to either or both plaintiffs; and
- documents regarding or relating to the review, investigation and/or monitoring of any account, loan or indebtedness and payment history.

(Engbloom Decl., Ex. 1.)

Information regarding Plaintiffs' loans, applications for loans, business plans, a line of credit used for operating expenses, credit histories, bank account information, etc.—these documents are wholly irrelevant to the claims and defenses in this case. The BOA Subpoena seeks confidential, proprietary financial information which is highly sensitive to Plaintiffs'

---

(. . . continued)
Even in the absence of such an amendment, the documents sought pursuant to the BOA Subpoena do not relate to, and would not shed light on, a loss of profits analysis.

PAGE 3 -   PLAINTIFFS' MOTION TO QUASH SUBPOENA ON NON-PARTY BANK OF AMERICA, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

business and operations. It infringes upon Plaintiffs' right to protect its proprietary financial information. Financial information of this nature is routinely closely-guarded in the business and financial communities. Defendant should not be permitted to meddle in Plaintiffs' financial affairs by fishing for highly sensitive business information under the guise of defending the claims in this case.

Instead, it appears that the only purpose of the BOA Subpoena is to harass and embarrass Plaintiffs by seeking Plaintiffs' private financial information, which has no bearing on Defendant's defenses. Accordingly, Plaintiffs have no choice but to move to quash the Subpoena,[2] or in the alternative, move for a protective order to protect against disclosure of the financial information not at issue in this case. Under Federal Rule of Civil Procedure 45(c)(3)(A), the court issuing a subpoena is required, on motion, to quash or modify the subpoena, if it finds that the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). As described above, because the BOA Subpoena seeks irrelevant and private confidential information, the Court has sufficient grounds to quash the Subpoena. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633 (C.D. Cal. 2005) (granting a motion to quash a subpoena on the ground of irrelevance).

In addition, under Federal Rule of Civil Procedure 26(c)(1), a court may enter a protective order to prevent a party or person from suffering undue "annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Similarly, for the reasons stated above, good cause exists for entry of the requested order due to the fact that the Subpoena seeks information which is irrelevant, burdensome, and highly confidential.

---

[2] Plaintiffs have standing to bring this Motion as it is well-settled that a party, even in the context of a third-party subpoena, can move to quash a Rule 45 subpoena so long as he claims a "personal right or privilege regarding the document[s] sought." *In re Matter of Marriage of Boon*, 100 Or. App. 354, 357, 786 P.2d 215 (1990); *In re REMEC, Inc.*, Civ. No. 04-cv-1948 JLS, 2008 WL 2282647 at *1 (S.D. Cal. May 30, 2008). Here, Plaintiffs most certainly claim a personal right over the documents sought, given that they contain private confidential financial information.

PAGE 4 -   PLAINTIFFS' MOTION TO QUASH SUBPOENA ON NON-PARTY BANK OF AMERICA, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

## **CONCLUSION**

Plaintiffs respectfully request that this Court enter an Order quashing Defendant's Subpoena addressed to non-party Bank of America, or in the alternative, to issue a Protective Order against the disclosure of Plaintiffs' private, confidential, and proprietary financial information.

DATED: October 7, 2010

LANE POWELL PC

By  */s/ Julie M. Engbloom*
    Milo Petranovich, OSB No. 813376
    Robert R. Calo, OSB No. 071037
    Julie M. Engbloom, OSB No. 066988
    Telephone: 503.778.2100
Attorneys for Plaintiffs Oversee.net and SnapNames.com, Inc.

PAGE 5 -   PLAINTIFFS' MOTION TO QUASH SUBPOENA ON NON-PARTY BANK OF AMERICA, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

709244.0001/878933.1