**Milo Petranovich**, OSB No. 813376
petranovichm@lanepowell.com
**Robert R. Calo**, OSB No. 071037
calor@lanepowell.com
**Julie M. Engbloom**, OSB No. 066988
engbloomj@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone:  503.778.2100
Facsimile:  503.778.2200

Attorneys for Plaintiffs Oversee.net and SnapNames.com, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **OVERSEE.NET,** a California corporation and **SNAPNAMES.COM, INC.**, an Oregon corporation<br><br>                                              Plaintiffs,<br><br>     v.<br><br>**HOWARD NELSON BRADY, JR.,** a Washington resident**,**<br><br>                                              Defendant. | No. CV 10-518-KI<br><br>Plaintiffs Oversee.net and Snapnames.com, Inc.'s<br>**MOTION TO QUASH SUBPOENA ON NON-PARTY FTI CONSULTING, INC., OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**<br><br>**(ORAL ARGUMENT REQUESTED)** |

Plaintiffs Oversee.net and SnapNames.com (collectively "Plaintiffs"), by and through their attorneys, hereby move this Court for a Motion to Quash a Subpoena ("Subpoena") served by Defendant Howard Brady ("Defendant") on non-party FTI Consulting, Inc. ("FTI") and, in the Alternative, For a Protective Order ("Motion").  Counsel for Plaintiffs and Defendant conferred via telephone on October 7, 2010, as required by LR 7-1(a), in attempt to resolve the dispute over the Subpoena, but were unable to reach an agreement.  (*See* Declaration of Julie M.

PAGE 1 -   PLAINTIFFS' MOTION TO QUASH SUBPOENA ON NON-PARTY FTI CONSULTING, INC., OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

709244.0001/878934.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

Engbloom ("Engbloom Decl.") ¶ 3.)  Defendant's subpoena seeks privileged and/or work product information, and therefore must be quashed pursuant to Rule 45(c)(3)(A)(iii).

## ARGUMENT

Rule 45(c)(3)(A)(iii) specifically provides that a Court must quash a subpoena that requires the disclosure of privileged or other protected materials when no exception to the privilege or waiver applies.  In this instance, Defendant's FTI Subpoena seeks privileged and work product documents and information created and developed by FTI, as a professionally hired consultant for Plaintiffs, in conjunction with Plaintiffs' attorneys.  Specifically, the FTI Subpoena seeks, among other things:

- All documents, memorializing or reflecting communications at any time between 2009 and present *** with any individual or entity *** including, but not limited to, the following named individuals that reflect, relate or regard either or both Plaintiffs, the Lawsuit, any customer refund or rebate program instituted by Plaintiffs, Defendant and/or Hank Alvarez:

    (a) Oversee.net (defined as including its attorneys);

    ***

    (b) SnapNames.com (defined as including its attorneys);

    ***

    (e) Any member of the law firm of Latham and Watkins; ***.

- Any evaluations, reports, analyses, summaries, calculations, assessments, accountings or other documents or drafts of same prepared by FTI to or for the benefit of either or both Plaintiffs from 2009 to the present.

(Engbloom Decl., Ex. 1.)

FTI was hired as a consultant by Plaintiffs to assist in the administration of refunds and settlement claims to its customers. (Engbloom Decl. at ¶ 4.)  FTI was in direct and constant contact with Plaintiffs' attorneys, both in-house and outside counsel at Latham & Watkins. (*Id*.)  FTI worked with Plaintiffs' attorneys to investigate the scope of Defendant's actions, the number

PAGE 2 -  PLAINTIFFS' MOTION TO QUASH SUBPOENA ON NON-PARTY FTI CONSULTING, INC., OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

of auctions impacted by the shill bidding, and the amount of restitution owing to Plaintiffs' customers. (*Id.*) FTI worked at the direction of Plaintiffs' attorneys to run searches of the raw data (auctions) based on certain parameters developed in conjunction with those attorneys. (*Id.*) The information provided by FTI to Plaintiffs' attorneys was used to provide legal advice to Plaintiffs. (*Id.*) FTI also possesses documents representing correspondence and communications with Plaintiffs' attorneys related to the project. (*Id.*) While all of the raw data related to Plaintiffs' auctions during the relevant time period has been produced to Defendant by Plaintiff (as obtained from FTI)[1], FTI remains in possession of numerous documents, including spreadsheets and search strings, developed at the direction of Plaintiffs' attorneys. (*Id.*)

Accordingly, Plaintiffs have no choice but to move to quash the Subpoena.[2] Under Federal Rule of Civil Procedure 45(c)(3)(A), the court issuing a subpoena is required, on motion, to quash or modify the subpoena, if it finds that the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). FTI's documents, other than what Plaintiffs have already produced, are almost entirely covered by the attorney-client privilege and work product doctrine because FTI was Plaintiffs' representative.

The case of *In re Copper Market Antitrust Litig.* is illustrative. In *Copper Market*, the attorney-client privilege was extended to public relations firm hired to manage publicity stemming from high profile litigation. *Copper Market*, 200 F.R.D. 213 (S.D.N.Y. 2001). The

---

[1] It should be noted that during the exchange of documents between Plaintiffs and Defendants, Plaintiffs have already produced, at the request of Defendant, all of the raw data used by FTI, and the methodology by which rebates were calculated. (Engbloom Decl. at ¶ 5.) The parties have been working cooperatively to ensure that Defendant can thoroughly test the data and methods used by FTI. (*Id.*)

[2] Plaintiffs have standing to bring this Motion as it is well-settled that a party, even in the context of a third-party subpoena, can move to quash a Rule 45 subpoena so long as he claims a "personal right or privilege regarding the document[s] sought." *In re Matter of Marriage of Boon*, 100 Or. App. 354, 357, 786 P.2d 215 (1990); *In re REMEC, Inc.*, Civ. No. 04-cv-1948 JLS, 2008 WL 2282647 at *1 (S.D. Cal. May 30, 2008). Here, Plaintiffs most certainly claim a personal right over the documents sought, given that they contain private confidential financial information.

PAGE 3 -   PLAINTIFFS' MOTION TO QUASH SUBPOENA ON NON-PARTY FTI CONSULTING, INC., OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

709244.0001/878934.1

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

court found that the consultant firm was "the functional equivalent of [the corporation's] employee." *Id*. at 220.  The court determined that "under the principles set out in *Upjohn*, [the third party's] independent contractor status provides no basis for excluding [its] communications with [the corporation's] counsel from protection of the attorney-client privilege. *Id*. at 219.  The court then held that there was no difference "between a person on the corporation's payroll and a consultant hired by the corporation if each acts for the corporation and possesses the information needed by attorneys in rendering legal advice." *Id*.

FTI occupies the same place as the consultant in *Copper Market*.  FTI acted as a professional consultant, and played a substantive and necessary role in assisting Plaintiffs' attorneys.  As set forth above, FTI provided information and assistance to Plaintiffs' attorneys regarding the investigation of Defendants' actions, the amount of restitution owed, and the scope of recoverable damages.  Because of the role that FTI played during the relevant time period as an advisor and consultant to Plaintiffs, FTI's communications with Plaintiffs' attorneys were instrumental and necessary in the attorneys' ability to render legal advice to Plaintiffs.  Moreover, the related documents developed in collaboration with Plaintiffs' attorneys were prepared in the context of and in anticipation of litigation ensuing from Defendant's actions.  *See Copper Market*, 200 F.R.D. at 220-21.  FTI's documents, subject to the Subpoena, fall squarely within the scope of Plaintiffs' privilege.  Thus, this Court has sufficient grounds to quash the Subpoena.

In addition, under Federal Rule of Civil Procedure 26(c)(1), a court may enter a protective order to prevent a party or person from suffering undue "annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  Similarly, for the reasons stated above, good cause exists for entry of the requested order.

PAGE 4 -   PLAINTIFFS' MOTION TO QUASH SUBPOENA ON NON-PARTY FTI CONSULTING, INC., OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

709244.0001/878934.1

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## CONCLUSION

Plaintiffs respectfully request that this Court enter an Order quashing Defendant's Subpoena addressed to non-party FTI Consulting, Inc., or in the alternative, to issue a Protective Order against the disclosure of Plaintiffs' private, confidential, and proprietary financial information.

DATED: October 7, 2010

LANE POWELL PC

By */s/ Julie M. Engbloom*
   Milo Petranovich, OSB No. 813376
   Robert R. Calo, OSB No. 071037
   Julie M. Engbloom, OSB No. 066988
   Telephone: 503.778.2100
Attorneys for Plaintiffs Oversee.net and SnapNames.com, Inc.

PAGE 5 -   PLAINTIFFS' MOTION TO QUASH SUBPOENA ON NON-PARTY FTI CONSULTING, INC., OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

709244.0001/878934.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200